### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT STEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| UNUM PROVIDENT | ) | |
| INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | JUDGE AMY ST. EVE |
| STEVE FOREMAN, and | ) | |
| PROSOURCE FINANCIAL, LLC, | ) | MAGISTRATE JUDGE MASON |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

To:     See attached service list

PLEASE TAKE NOTICE that on this 29th day of October, 2004, UNUM PROVIDENT INSURANCE COMPANY OF AMERICA, the defendant in the above entitled action, filed a NOTICE OF REMOVAL, a copy of which is attached hereto, of the above entitled action to the United States District Court for the Northern District of Illinois, Eastern Division.

You are also advised that defendant, on filing of such Notice of Removal in the office of the Clerk of the United States District Court for the Northern District of Illinois, also filed a copy thereof with the Clerk of the Circuit Court of Cook County, Illinois to effect removal pursuant to 28 U.S.C. §1446(d).

Respectfully submitted,

By: _____
One of the Attorneys for Defendant/Removing
Party, Unum Life Insurance Company of America,
Incorrectly sued as Unum Provident Insurance Company of
America

Michael J. Smith
Steven R. McMannon
Michael J. Smith & Associates
39 S. LaSalle Street, Suite 305
Chicago, Illinois 60603
(312) 541-0300

/-/

## SERVICE LIST

Mr. Steven K. Jambois
Kralovec, Jambois & Schwartz
60 West Randolph Street
4th Floor
Chicago, Illinois 60601

Sonia V. Odarczenko
Clausen Miller
Ten South LaSalle Street
Chicago, Illinois 60603

Clerk of the Circuit Court of Cook County
Richard J. Daley Center
Room 801
Chicago, Illinois 60602

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| ROBERT STEIN, | ) | **04C   6968** |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| UNUM PROVIDENT | ) | No. |
| INSURANCE COMPANY | ) |  |
| OF AMERICA, | ) |  |
| STEVE FOREMAN, and | ) |  |
| PROSOURCE FINANCIAL, LLC, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:**

Removing party, Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, ("Unum Life or  removing party"), incorrectly sued herein as Unum Provident Insurance Company of America, by its attorneys, Michael J. Smith and Steven R. McMannon, hereby provides notice of removal pursuant to 28 U.S.C. §1441, *et. seq.*, and respectfully presents to this Court the following grounds for removal:

1.       Removing party is a defendant in an action captioned *Robert Stein v. Unum Provident Insurance Company of America, Steve Foreman, and Prosource Financial, LLC,* No. 04-L-010755, pending in the Circuit Court of Cook County, Illinois, County Department, Law Division.

2.       The aforementioned action was commenced on September 22, 2004 in the Circuit Court of Cook County, Illinois, County Department, Law Division.

*/-/*

3.     In connection with aforementioned entitled action, a summons and complaint were served upon Unum Life on September 30, 2004. (The summons and complaint are attached hereto as Exhibits A and B respectively)

4.     Accordingly, based on the fact that removing party Unum Life, has filed its notice of removal on or before November 1, 2004 (30 days after service of the summons and complaint, October 30, 2004, falls on a Saturday), Unum Life's notice of removal is presented and filed in a timely manner and in compliance with the law.

5.     Defendants Steve Foreman and Prosource Financial, LLC were served with a Summons and Complaint in connection with the aforementioned action on October 7, 2004. Defendants Steve Foreman and Prosource Financial, LLC, have consented in writing to removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois. (The Consent to Removal executed on behalf of these defendants is attached hereto as Exhibit C).    All defendants have therefore joined in the removal by consenting in writing to the removal.

6.     No further proceedings in connection with this case have been had in the Circuit Court of Cook County, Illinois.

7.     This civil action is removable pursuant to 28 U.S.C. §1331 in that the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, (ERISA), governs the aforementioned entitled action and pre-empts the claims asserted by plaintiff, Robert Stein, in the action captioned *Robert Stein v. Unum Provident Insurance Company of America, Steve Foreman, and Prosource Financial, LLC,* No. 04-L-010755, pending in the Circuit Court of Cook County, Illinois, County Department, Law Division.  This case, therefore, is properly

2

removable from the Circuit Court of Cook County, Illinois, County, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

8.      The above entitled action is a civil action related to a claim for disability benefits in which the plaintiff alleges that he is entitled to receive benefits of a certain monetary amount under the terms and conditions of a group policy of disability income insurance issued by Unum Life Insurance Company of America to plaintiff's employer Stein, Garen & Associates, said policy of insurance being part of or related to an employee welfare benefit plan established under ERISA. Policy No. 347936 is referenced in plaintiff's complaint, (See, e.g. Statement of Facts, Par. 7) but is not attached thereto. (Policy No 347936 is attached hereto as Exhibit D).

9.      Plaintiff acknowledges that this action is governed by ERISA, because he specifically seeks recovery of attorney's fees under ERISA, 29 USC §1132(g). (See, Complaint, "WHEREFORE" Clause Par. d. Counts I, II, and III)

10.      Removing party, Unum Life contends that plaintiff is not entitled to receive such disability benefits, attorneys fees, or any other recovery that the plaintiff contends he is entitled to receive. Because there is federal question jurisdiction in this matter, defendants are entitled to removal of this matter from State Court to Federal Court pursuant to 28 U.S.C. §1441 *et seq.*, and 29 U.S.C. §1001, *et seq.*

11.      This court has original jurisdiction of the above entitled action pursuant to 28 U.S.C. §1331, and the action may, therefore, be removed to this court pursuant to 28 U.S.C. §1441 *et seq.,* and 28 U.S.C. §1446.

12.      Copies of the summons and complaint that were, in fact, served on removing party, Unum Life in the above entitled action, attached hereto as Exhibits A and B respectively, constitute all of the process, pleadings and orders served on removing party, Unum Life.

3

13.    This Notice of Removal is filed with this court within 30 days after service of the summons and complaint on the removing party on or about September 30, 2004, and within 30 days after service of the summons and complaint on defendants Steve Foreman and Prosource Financial, LLC on or about October 7, 2004.

WHEREFORE, removing party, UNUM LIFE INSURANCE COMPANY OF AMERICA, incorrectly sued herein as Unum Provident Insurance Company of America, prays that the above entitled action be removed from the Circuit Court of Cook County, Illinois, County Department, Law Division to this court.

Dated this 29th day of October, 2004

Respectfully submitted,

By: _____
One of the Attorneys for Defendant/Removing
Party, Unum Life Insurance Company of America,
Incorrectly sued as Unum Provident Insurance
Company of America

Michael J. Smith
Steven R. McMannon
Michael J. Smith & Associates
39 S. LaSalle St., Suite 305
Chicago, Illinois  60603
(312) 541-0300

4



| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | RECEIVED |
| 2320 - Served By Mail | 2321 - Served By Mail | OCT 0 4 2004 |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS     (Rev. 1/2/01)     CCG 0001 | LAW DEPT. |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROBERT STEIN, )
)
Plaintiff, )
)
v. )          No.:
)
UNUM PROVIDENT )          SHERIFF PLEASE SERVE:
INSURANCE  COMPANY )          UNUM Provident Corporation
OF AMERICA, )          Agent: C T Corporation System
STEVE FOREMAN, and )          208 S. LaSalle St., Suite 814
PROSOURCE FINANCIAL, LLC, )          Chicago, IL 60604-1101
)
Defendants. )

## SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois, 60602.

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

| | | |
|---|---|---|
| Atty. No.: | 24797 | WITNESS,         SEP 2 2 2004 |
| Name: | Steven K. Jambois | |
| Atty. for: | Plaintiff | |
| Address: | 60 W Randolph St, 4th Floor | DOROTHY BROWN |
| City/State/Zip: | Chicago, IL  60601 | Clerk of Court |
| Telephone: | (312) 782-2525 | |

Date of service _____ SEP 3 0 2004
(To be inserted by officer on copy left with defendant
or other person)

SEAL

Service by Facsimile Transmission will be accepted at: _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| ROBERT STEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| UNUM PROVIDENT | ) | |
| INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| STEVE FOREMAN, and | ) | |
| PROSOURCE FINANCIAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

RECEIVED

OCT 0 4 2004

LAW DEPT.

## COMPLAINT

Now comes the Plaintiff, ROBERT STEIN, by and through his attorneys, KRALOVEC, JAMBOIS and SCHWARTZ, complains of the Defendants, UNUM PROVIDENT INSURANCE COMPANY OF AMERICA, STEVE FOREMAN, and PROSOURCE FINANCIAL, LLC. He states as follows:

### STATEMENT OF FACTS

1. In 1989, and at all relevant times, Plaintiff, Robert Stein, (hereinafter "Stein") was a licensed accountant and principal of the firm Garen & Associates.

2. In 1989, and at all relevant times, UNUM Life Insurance Company of America (hereinafter "UNUM") is an insurance company that provides insurance benefits, including disability benefits to insured parties in consideration of paid premiums.

3. In 1989, Stein discussed purchasing a disability policy for himself with ProSource Financial, LLC, through its agent Steve Foreman (hereinafter "Foreman") a licensed Illinois insurance agent. Stein sought a disability policy in which his disability

benefits would be based on his annual cash flow earnings rather than his W-2s and K-1 schedules.

4.   In 1989, Foreman, on behalf of Stein, spoke with UNUM representative Pattie Lee. In Foreman's discussion with UNUM representative Pattie Lee, Ms. Lee agreed to base Stein's disability benefits upon his annual cash flow earnings rather than on his W-2s and K-1 schedules.

5.   In 1989, Stein had a discussion with UNUM representative Pattie Lee and informed her that the "typical" UNUM benefits plan based on W-2s and K-1 schedules would not suit his financial needs in the event of his disability, and that he sought to purchase a disability benefit plan based upon his cash flow earnings.

6.   UNUM representative Pattie Lee agreed to base Stein's disability benefits on his annual cash flow earnings rather than on his W-2s and K-1 schedules. In furtherance of this agreement, Stein agreed to provide UNUM with an annual letter setting forth his cash flow earnings for the prior year.

7.   Based on this agreement with UNUM representative Pattie Lee, Stein purchased Policy No. 347936 which was a long term disability policy from UNUM. In accordance with their agreement, Stein immediately provided documentation to UNUM showing his earnings of the last three year in order for UNUM to calculate Stein's monthly benefit should he become disabled.

8.   From 1990 thru 2003, Stein paid premium payments owed to UNUM for his Long Term Disability Policy.

9.   From 1990 thru 1998, Stein sent annual letters to UNUM regarding his cash flow earnings in furtherance of his agreement with UNUM for disability benefits.

10. Stein relied upon his agreement with UNUM that should he become disabled, he would receive disability payments from UNUM based on his cash flow earnings.

11. That on or about in the year 1999, UNUM moved office locations.

12. In 1999, UNUM representative, Jennifer Doonan, contacted Stein and instructed Stein to send his annual letter regarding his cash flow earnings to UNUM at the new UNUM office location. Stein followed UNUM representative Jennifer Doonan's instruction and sent his annual letter reporting his cash flow earnings for the year 1998 to UNUM's new office location.

13. From 1999 thru 2003, Stein continued to send annual letters to UNUM regarding his cash flow earnings for the prior year.

14. Stein reasonably relied upon representations made to him by UNUM that in the event of his disability, he would receive disability benefits based upon his cash flow earnings rather than on his W-2s or K-1 schedules.

15. In 2003, Stein made a claim for benefits under the Plan stating that it was due to Multiple Sclerosis.

16. Stein supported his claim for benefits with numerous medical records and reports from treating physicians showing that he was disabled.

17. In spite of the agreement between UNUM and Stein, UNUM has unreasonably refused to pay Stein's disability benefits based upon his cash flow earnings and is now attempting to pay disability benefits based solely on Stein's W-2 and K-1 schedules which is contrary to the parties' specific agreement.

18. The determination by UNUM that Stein is not entitled to disability benefits based

upon his cash flow earnings represents a unilateral breach of the parties' thirteen year agreement and has no rational support in the evidence.

## COUNT I - ESTOPPEL

Now comes, Robert Stein and complains against Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, pleading hypothetically and in the alternative, states as follows:

19.    Plaintiff adopts and realleges Paragraphs 1-18 of the Factual Statement as Paragraphs 1-18 of Count 1 as fully set forth therein.

20.    In 1990, Stein purchased a long term disability policy from UNUM with the agreement that should he become disabled, UNUM would provide him with disability payments based on his cash flow earnings. Stein agreed to submit to UNUM annual documentation indicating his cash flow earnings based upon the prior year.

21.    In 2003, Stein became disabled and was eligible for disability benefits under his UNUM Disability Policy.

22.    As of 2003, UNUM has refused to honor the terms of their agreement with Stein that his disability benefits would be calculated based upon his cash flow earnings should he become disabled.

23.    That as a direct and proximate result of UNUM's failure to perform their obligations under the terms of the agreement, Stein was injured and has sustained financial loss since funds are owed to him by UNUM.

24.    As a direct and proximate result of UNUM's failure to perform their obligation under their agreement with Stein, he was forced to file litigation to secure his rights.

WHEREFORE: plaintiff prays for the following relief:

a. That the court enter judgment in plaintiff's favor and against the defendant and that the court order the defendant to pay disability income benefits to payment as agreed upon by the parties which is based upon the plaintiff's cash flow earnings;

b. That the court order the Defendant to pay plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

c. That the Court order defendants to pay plaintiff's benefits until such time as the policy conditions for discontinuance apply;

d. That the court award plaintiff attorney's fees pursuant to 29 U.S.C. section 1132 (g); and

e. That plaintiff recover any and all other relief to which he may be entitled to receive receive as well as the costs of this lawsuit.

## COUNT II-FRAUD

Now comes, Robert Stein and complains against Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, pleading hypothetically and in the alternative, states as follows:

25. Plaintiff adopts and realleges Paragraphs 1-24 of the Factual Statement and Count I as Paragraphs 1-24 of Count II as though fully set forth herein.

26. In 1990, UNUM employee Pattie Lee represented to Stein that she had authority to enter into an agreement with Stein for his disability benefits to be based upon his cash flow earnings rather than his W2 or K1 schedules so long as Stein annually submitted an annual letter to UNUM indicating his cash flow earnings for the prior year.

27. That Pattie Lee made the aforementioned misrepresentation knowing it was false and UNUM would not base Stein's disability benefits on his cash flow earnings but rather on his W-2s and K-1 schedules should he become disabled.

28. In 1999, UNUM employee Jennifer Doonan further cemented Stein's agreement with UNUM by contacting Stein and instructing him to send his annual letter regarding his cash flow earnings to UNUM at the new UNUM office location.

29. That Stein relied upon the misrepresentations of Lee and Doonan by ceasing to obtain a different disability policy that would base his disability benefits on his cash flow earnings rather than on his W-2s and K-1 schedules.

30. As a direct and proximate result of the knowing misrepresentations of material fact by the Defendants, Robert Stein was financially injured and forced to incur legal fees to litigate his entitlement to disability benefits based upon his cash flow earnings.

WHEREFORE: plaintiff prays for the following relief:

a. That the court enter judgment in plaintiff's favor and against the defendant and that the court order the defendant to pay disability income benefits to payment as agreed upon by the parties which is based upon the plaintiff's cash flow earnings;

b. That the court order the Defendant to pay plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

c. That the Court order defendants to pay plaintiff's benefits until such time as the policy conditions for discontinuance apply;

d. That the court award plaintiff attorney's fees pursuant to 29 U.S.C. section 1132 (g);

e.      That the court award TEN MILLION DOLLARS (10,000,000) as to punitive damages, plus costs; and

f.      That plaintiff recovers any and all other relief to which he may be entitled to receive as well as the costs of this lawsuit.

## COUNT III - EMOTIONAL DISTRESS

Now comes, Robert Stein and complains against Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, pleading hypothetically and in the alternative, states as follows:

31.     Plaintiff adopts and realleges Paragraphs 1-30 as Paragraphs 1-30 of Count III as fully set forth herein.

32.     That in making one of more of the aforesaid misrepresentations, Defendant, UNUM knew or should have known that there was a least a high probability that their conduct would cause severe emotional distress to Plaintiff Stein.

33.     That as a direct and proximate result of one or more of the UNUM's aforesaid misrepresentations, Plaintiff, Robert Stein sustained severe emotional distress.

WHEREFORE: plaintiff prays for the following relief:

a.      That the court enter judgment in plaintiff's favor and against the defendant and that the court order the defendant to pay disability income benefits to payment as agreed upon by the parties which is based upon the plaintiff's cash flow earnings;

b.      That the court order the Defendant to pay plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

c.   That the Court order defendants to pay plaintiff's benefits until such time as the policy conditions for discontinuance apply;

d.   That the court award plaintiff attorney's fees pursuant to 29 U.S.C. section 1132(g);

e.   That the court award TEN MILLION DOLLARS ($10,000,000) as to punitive damages, plus costs; and

f.   That plaintiff recover any and all other relief to which he may be entitled to receive as well as the costs of this lawsuit.

## COUNT IV-PROFESSIONAL NEGLIGENCE

Now comes, Robert Stein , by his undersigned attorneys, and complaining of the Defendant, STEVE FOREMAN, pleading hypothetically and in the alternative, states as follows:

34.   Plaintiff adopts and realleges Paragraphs 1-33 as Paragraphs 1-33 of Count IV as fully set forth herein.

35.   That at all relevant times, Defendant, FOREMAN was a duly licensed Illinois insurance agent and resident of Illinois.

36.   That at all relevant times, FOREMAN was acting as an agent, servant, and/or employee of PRO SOURCE FINANCIAL, LLC, and was acting within the scope of his employment as an agent, servant, and/or employee of PRO SOURCE FINANCIAL, LLC while negotiating an insurance contract with UNUM on behalf of Stein.

37.   At all relevant times, FOREMAN owed a duty to Stein to exercise the care and skill of a reasonably well qualified licensed insurance agent.

38. Notwithstanding the duties and responsibilities owed by FOREMAN, FOREMAN violated these duties in one or more of the following ways;

    a.    Failed to adequately research, investigate, and negotiate the insurance contract Stein entered into with UNUM in 1989.

    b.    Failed to properly research, investigate, negotiate, and understand the consequences of the provisions of the Contract entered into by Stein with UNUM;

    c.    Failed to notice and correct the ambiguity of the Contract;

    d.    Failed to know that the insurance contract entered into by Stein with UNUM required Stein to furnish his K-1 and W-2 forms to compute Stein's disability benefits after 1990.

    e.    Failed to advise and warn Stein of the insufficient disability benefits he would receive under the insurance contract ; and

    f.    was otherwise negligent in the investigation, negotiation, research, preparation, and advice given prior to and during the signing of the insurance contract between Stein and UNUM .

39. FOREMAN's breach of duty to Stein directly and proximately caused:

    (a)    Stein to receive a much lower disability benefit than he would have received but for the negligence of FOREMAN;

    (b)    Stein to hire an attorney and incur expenses to file and prosecute this lawsuit.

40. As a result of FOREMAN's negligent acts and omissions, Stein has incurred

damages in an amount exceeding $30,000.00, plus interest, costs and expenses in filing this lawsuit.

WHEREFORE, the Plaintiff, ROBERT STEIN, respectfully requests that this Court enter judgment against the Defendant, FOREMAN, for professional negligence and assess damages as follows:

1.    An amount in excess of $20,000.00 plus interest and costs for the outstanding disability benefits owed to Stein;

2.    All costs incurred in litigating this action; and

3.    Further relief as this Court deems fair and reasonable.

## COUNT V-PROFESSIONAL NEGLIGENCE

Now comes the Plaintiff, ROBERT STEIN, by and through his attorneys, KRALOVEC, JAMBOIS and SCHWARTZ, and complaining of the Defendant, PROSOURCE FINANCIAL, LLC, by and through its agent, STEVE FOREMAN, pleading hypothetically and in the alternative, states as follows:

41.    Plaintiff adopts and realleges Paragraphs 1-40 as Paragraphs 1-40 of Count V as fully set forth herein.

42.    That at all relevant times, Defendant, PROSOURCE FINANCIAL, LLC, was a company located and licensed to do business in the state of Illinois.

43.    That at all relevant times, Defendant, PROSOURCE FINANCIAL, LLC, by and through its agents, servants, and/or employees, including, but not limited to FOREMAN, negotiated an insurance contract with UNUM on behalf of Stein.

44.    At all relevant times, Defendant, PROSOURCE FINANCIAL, LLC, by and through its agents, servants, and/or employees, including, but not limited to

FOREMAN, owed a duty to Stein to exercise the care and skill of reasonably well qualified insurance agency.

45. Notwithstanding the duties and responsibilities owed by PROSOURCE FINANCIAL, LLC, PROSOURCE FINANCIAL, LLC, violated these duties in one or more of the following ways:

    A.    Failed to adequately research, investigate, and negotiate the insurance contract Stein entered into with UNUM in 1989;

    B.    Failed to properly research, investigate, negotiate, and understand the consequences of the provisions of the contract entered into by Stein with UNUM;

    C.    Failed to notice and correct the ambiguity of the contract;

    D.    Failed to know that the insurance contract entered into by Stein with UNUM required to Stein to furnish his K-1 and W-2 forms to compute Stein's disability benefits after 1990.

    E.    Failed to advise and warn Stein of the insufficient contract; and

    F.    Was otherwise negligent in the investigation, negotiation, research, preparation, and advice given to and during the signing of the insurance contract between Stein and UNUM.

46. PROSOURCE FINANCIAL's, LLC, breach of duty to Stein directly and proximately caused:

    A.    Stein to receive a much lower disability benefit than he would have received but for the negligence of PROSOURCE FINANCIAL, LLC,; and

    B.    Stein to hire an attorney and incur expenses to file and prosecute this

lawsuit.

47.     As a result of PROSOURCE FINANCIAL's, LLC, negligent acts and omissions,

Stein has incurred damages in an amount exceeding $30,000.00, plus interest,

costs and expenses in filing this lawsuit.

WHEREFORE, the Plaintiff, ROBERT STEIN, respectfully requests that this Court enter

judgment against the Defendant, PROSOURCE FINANCIAL, LLC, for professional negligence

and assess damages as

follows:

1.      An amount in excess of $20,000.00 plus interest and costs for the
        outstanding disability benefits owed to Stein;

2.      All costs incurred in litigating this action; and

3.      Further relief as this Court deems fair and reasonable.

Respectfully Submitted,

Steven K. Jambois
Attorney for Plaintiff

KRALOVEC, JAMBOIS & SCHWARTZ
60 W. Randolph St.
Chicago, IL 60601
312-782-2525
Firm ID# 24797



EXHIBIT

C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| **ROBERT STEIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNUM PROVIDENT** | ) | No.  04 L 010755 |
| **INSURANCE COMPANY** | ) | |
| **OF AMERICA,** | ) | |
| **STEVE FOREMAN, and** | ) | |
| **PROSOURCE FINANCIAL, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CONSENT TO REMOVAL

Defendants, STEVE FOREMAN AND PROSOURCE FINANCIAL, LLC, hereby consent to the removal of the above-captioned matter from the Circuit Court of Cook County, Illinois, County Department, Law Division, Case No 04-L-010755, to the United States District Court for the Northern District of Illinois, Eastern Division.

Steve Foreman                                    Prosource Financial, LLC


By: _____              By: _____
One of his Attorneys                              One of its Attorneys

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): ROBERT STEIN**

County of Residence: Cook County

Plaintiff's Atty:
Steven K. Jambois
Kralovec, Jambois & Schwartz
60 West Randolph Street, 4th Floor,
Chicago, Illinois 60601

**Defendant(s):UNUM PROVIDENT INSURANCE COMPANY OF AMERICA, STEVE FOREMAN, and PROSOURCE FINANCIAL, LLC.**

County of Residence:

Defendant's Atty:
Steven R. McMannon
Michael J. Smith & Associates
39 South LaSalle Street, Suite
305, Chicago, Illinois 60603
312-541-0300

DOCKETED
NOV 1 - 2004

II. Basis of Jurisdiction:  **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties
(Diversity Cases Only)

Plaintiff:- **N/A**
Defendant:- **N/A**

**04C 6968**

IV. Origin :  **2. Removed From State Court**

JUDGE AMY ST. EVE

MAGISTRATE JUDGE MASON

V. Nature of Suit:  **791 E.R.I.S.A**

VI. Cause of Action:  **Employment Retirement Income Security Act of 1974, 29 U.S.C. Section 1001**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand: **$30,000 +**
Jury Demand: **No**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

04 OCT 29 AM 10:33
CLERK U.S. DISTRICT COURT
FILED FOR DOCKETING

Signature:

Date: 10-29-04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

1-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

ROBERT STEIN
v.
UNUM PROVIDENT INSURANCE COMPANY OF AMERICA,
STEVE FOREMAN, AND PROSOURCE FINANCIAL, LLC.

Case Number: **04C 6968**

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
UNUM PROVIDENT INSURANCE COMPANY OF AMERICA

*JUDGE AMY ST. EVE*

*MAGISTRATE JUDGE MASON*

NOV 1 - 2004

| (A) | (B) |
|---|---|
| SIGNATURE *Michael J. Smith* | SIGNATURE |
| NAME Michael J. Smith | NAME Steven R. McMannon |
| FIRM Michael J. Smith & Associates | FIRM Michael J. Smith & Associates |
| STREET ADDRESS 39 South LaSalle Street, Suite 305 | STREET ADDRESS 39 South LaSalle Street, Suite 305 |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER 312-541-0300    FAX NUMBER 312-541-0933 | TELEPHONE NUMBER 312-541-0300    FAX NUMBER 312-541-0933 |
| E-MAIL ADDRESS michael.smith@mjs-law.com | E-MAIL ADDRESS steven.mcmannon@mjs-law.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☑   NO ☐ | MEMBER OF TRIAL BAR?   YES ☑   NO ☐ |
| TRIAL ATTORNEY?   YES ☑   NO ☐ | TRIAL ATTORNEY?   YES ☐   NO ☑ |
| | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME W. Sebastian von Schleicher | NAME |
| FIRM Michael J. Smith & Associates | FIRM |
| STREET ADDRESS 39 South LaSalle Street, Suite 305 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312-541-0300    FAX NUMBER 312-541-0933 | TELEPHONE NUMBER    FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☑   NO ☐ | MEMBER OF TRIAL BAR?   YES ☐   NO ☐ |
| TRIAL ATTORNEY?   YES ☐   NO ☑ | TRIAL ATTORNEY?   YES ☐   NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☑ | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ |

FILED FOR DOCKETING 50-7

U.S. DISTRICT COURT CLERK

04 OCT 29 AM 10:33