# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Robert Stein, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 6968 |
| v. | ) | |
| | ) | |
| Unum Provident Insurance Company | ) | |
| of America, Steve Foreman, and | ) | Magistrate Judge Mason |
| Prosource Financial, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

This matter is before the Court on defendant Unum Life Insurance Company of America's (improperly named as Unum Provident Insurance Company of America ("Unum")) motion to dismiss Robert Stein's ("Stein") complaint and defendants Steve Foreman ("Foreman") and Prosource Financial, LLC's ("Prosource") motion to dismiss. For the reasons stated below, both motions to dismiss are granted.

**Background**

Stein, a licensed accountant and principal of the firm Garen & Associates, filed an eight-count complaint against Unum, Foreman and Prosource. Stein alleges claims against Unum for breach of fiduciary duty (Count I), equitable estoppel (Count II), fraud (Count III) and breach of contract (Count VIII). Stein's breach of fiduciary duty count against Unum alleges that Unum violated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1109(a) and 1132(a)(1)(B). Stein also alleges claims against Foreman and Prosource for fraud and negligent misrepresentation (Counts IV-VII).

Stein alleges that he purchased a long term disability policy from Unum, policy no. 34793. The complaint alleges that Unum was the administrator of Stein's long term disability policy and had control of the management and distribution, if necessary, of funds to Stein. Stein further alleges that he was a participant in the long term disability plan and that he would be considered a beneficiary of the plan within the meaning of ERISA, should he become disabled.

The complaint alleges that both Stein and Foreman, on Stein's behalf, spoke with Unum representative Pattie Lee. Stein alleges that Ms. Lee agreed to base Stein's disability benefits on his cash flow earnings rather than on his W-2 and K-1 schedules. From 1990-2003, Stein sent annual letters to Unum regarding his cash flow earnings for the previous year. In 1998, Unum representative Jennifer Doonan contacted Stein and instructed him to send his annual letter regarding his cash flow earnings to Unum's new office location. Stein alleges that he reasonably relied on Unum's representations that in the event of a disability, he would receive disability benefits based on his cash flow earnings.

In 2003, Stein made a claim for disability benefits under the long term disability plan due to Multiple Sclerosis. Stein alleges that in spite of the agreement between Stein and Unum, Unum has unreasonably refused to pay his disability benefits based upon his cash flow earnings and is attempting to pay disability benefits based solely on Stein's W-2 and K-1 schedules.

In the claims against Foreman and Prosource, Stein alleges that Foreman and Prosource breached duties owed to Stein by failing to adequately research, investigate and negotiate the insurance contract procured on Stein's behalf to allow for Stein's disability

2

benefits to be based on his cash flow earnings; by failing to adequately research, investigate, negotiate and understand the consequences of the provisions of the contract; by failing to notice and correct the ambiguity in the contract; by failing to know that the insurance contract required Stein to furnish his K-1 and W-2 forms to compute Stein's disability benefits after 1990; and by failing to advise and warn Stein of the insufficient disability benefits he would receive under the insurance contract. Stein also alleges that Foreman and Prosource gave him advice with negligent misrepresentations prior to and during the signing of the insurance contract.

Stein further alleges that Foreman represented to Stein that he entered into an agreement with Unum on Stein's behalf for Stein's disability benefits to be based upon his cash flow earnings. Stein alleges that Foreman made this misrepresentation knowing that it was false and that he relied on Foreman's misrepresentation. As a result, Stein alleges that he was financially injured and is now forced to litigate his entitlement to disability benefits based on his cash flow earnings.

In each count of the complaint, Stein asks the Court to enter an order requiring Unum and/or Foreman and Prosource to pay him disability income benefits based on his cash flow earnings.

**Analysis**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

**Stein's State Law Claims**

    **A.    State Law Claims Against Unum**

Unum argues that Stein's state law claims for equitable estoppel, fraud and breach of contract should be dismissed because the claims are preempted by ERISA. There are two ways in which state common law causes of action may be preempted by ERISA. First, state law claims may be displaced by the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a). *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). When a claim is displaced by § 502(a), it is recharacterized as a claim arising under ERISA. Second, state law claims may be superseded by ERISA § 514(a), 29 U.S.C. § 1144(a). When a claim is superseded by § 514(a), it is preempted by ERISA because it impermissibly "relates to" a welfare benefit plan. *Id.* Claims that fall under either of these categories, or both, will be dismissed.

The Seventh Circuit has set forth three factors for use in determining whether a claim is displaced by § 502(a): "(1) whether the plaintiff [is] eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996).

Stein's state law claims for equitable estoppel, fraud and breach of contract are

4

displaced by § 502(a) because the factors set forth in *Jass* are met. Section 502(a)(1)(B) of ERISA provides that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). Stein alleges that he is a participant in the plan and therefore, he is eligible to bring a claim under § 502(a).

Stein's state law claims also fall within the scope of an ERISA provision that can be enforced via § 502(a), namely § 502(a)(1)(B). In each count, Stein asks the Court to enter an order requiring Unum to pay disability income benefits based on Stein's cash flow earnings. The allegations in the breach of contract and fraud counts put Stein's entitlement to disability benefits under the terms of the plan directly at issue. Furthermore, in the equitable estoppel count, Stein asks the Court to clarify his rights to future benefits under the terms of the plan. Thus, Stein's state law claims against Unum fall within the scope of a § 502(a)(1)(B) claim for benefits. Moreover, it is clear that Stein's state law claims cannot be resolved without an interpretation of the plan. Indeed, the Court will need to interpret the plan in order to determine Stein's entitlement to benefits and to clarify his rights to future benefits.

Because Stein is eligible to bring his state law claims under § 502(a), because the claims are within the scope of § 502(a)(1)(B) and because they cannot be resolved without an interpretation of the plan, Stein's state law claims against Unum are completely preempted by § 502(a). *Jass*, 88 F.3d at 1487; *Rice v. Panchal*, 65 F.3d at 639.

Even if these claims were not completely preempted by § 502(a), dismissal is still appropriate because Stein's state law claims are preempted under § 514(a). 29 U.S.C. §

1144(a).  Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  *Id.*  A state law will "relate to" an employee benefit plan if that law "has a connection with or reference to such a plan." *Tawse v. DHL Airways*, 2005 U.S. Dist. LEXIS 13700, *2 (N.D. Ill. 2005) (citing *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 129 (1992)).  Here, Stein's state law claims against Unum for equitable estoppel, fraud and breach of contract cannot be decided without "reference to" the plan.  Again, at the very least, the Court will need to refer to the plan in order to determine Stein's entitlement to benefits and to clarify his rights to future benefits.  Therefore, Stein's state law claims against Unum are clearly superseded by ERISA.  *Id.* at *3 (citing *Klassy v. Physicians Plus Ins. Co.*, 371 F.3d 952, 957 (7th Cir. 2004)).

Based on the foregoing, Unum's motion to dismiss Stein's state law claims for equitable estoppel (Count II), fraud (Count III) and breach of contract (Count VIII) is granted.

### B. State Law Claims Against Foreman and Prosource

Stein also alleges state law claims against Foreman and Prosource for fraud and negligent misrepresentation (Counts IV-VII).  Foreman and Prosource argue that these state law claims are completely preempted by § 502(a) because the *Jass* factors are met.  This Court agrees.  As discussed above, Stein is eligible to bring a claim under § 502(a).  Once again, while the claims are alleged as state law claims, Stein's claims against Foreman and Prosource clearly fall within the scope of a § 502(a)(1)(B) claim for benefits.  Indeed, the remedy Stein seeks for Foreman and Prosource's alleged negligent misrepresentations and fraud is an order requiring them to pay disability income benefits

6

based on Stein's cash flow earnings. The allegations in the negligent misrepresentation and fraud counts put Stein's entitlement to disability benefits under the terms of the plan directly at issue. Furthermore, in the negligent misrepresentation counts, Stein alleges that there is an ambiguity in the insurance policy. Thus, Stein's state law claims against Foreman and Prosource cannot be resolved without an interpretation of the plan. In particular, the Court will need to interpret the plan in order to determine Stein's entitlement to benefits and to address the alleged ambiguity in the insurance policy. Accordingly, Stein's state law claims must be dismissed because they are completely preempted by § 502(a). *Jass*, 88 F.3d at 1487.

Moreover, even if these claims were not preempted by § 502(a), dismissal is still warranted because the claims are preempted under § 514(a). 29 U.S.C. § 1144(a). Simply put, Stein's state law claims against Foreman and Prosource for negligent misrepresentation and fraud cannot be decided without "reference to" the plan. At the very least, the Court will need to refer to the plan in order to determine Stein's entitlement to benefits and to address the alleged ambiguity in the insurance policy. Therefore, these claims are superseded by ERISA § 514(a). *Tawse*, 2005 U.S. Dist. LEXIS 13700, *3. Based on the foregoing, Foreman and Prosource's motion to dismiss Stein's state law claims for fraud and negligent misrepresentation (Counts IV-VII) is granted.[1]

**Stein's ERISA Claims**

Stein's remaining claim is a breach of fiduciary duty claim against Unum (Count I).

---

[1] Because this Court finds that Stein's state law claims against Foreman and Prosource are preempted by § 502(a) and by § 514(a), there is no need to address the defendants' arguments regarding the statute of limitations and the pleading requirements of Federal Rule of Civil Procedure 9(b).

While Count I of Stein's complaint does not epitomize the Court's notion of clarity, this Court has determined that the first count attempts to state a claim against Unum for breach of its fiduciary duty in violation of § 1109(a).  Count I also purports to allege a claim for benefits pursuant to § 1132(a)(1)(B) (hereinafter referred to as a "§ 502(a)(1)(B) claim for benefits").  The Court will address Stein's attempt to allege an ERISA claim under both § 1109(a) and § 502(a)(1)(B).

### A. Stein's § 502(a)(1)(B) Claim for Benefits

We begin with Stein's attempt to allege an ERISA claim under § 502(a)(1)(B).  Generally, the Seventh Circuit limits a § 502(a)(1)(B) claim for benefits to a suit against the plan.  *Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1089 (ND. Ill. 2005); *Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004); *see also, Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n.4 (7th Cir. 2001) ("We have continually noted that 'ERISA permits suits to recover benefits only against the Plan as an entity.'") (quoting *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996)).

However, courts in this Circuit have recognized certain narrow exceptions to this general rule.  *Berg*, 372 F. Supp. 2d at 1089.  For instance, an exception to the general rule exists when a plan and an employer are closely intertwined. *See, e.g., Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001) (finding that ERISA benefits action against employer was proper because employer and the plan were "closely intertwined" where employer was the plan administrator, employer had designated itself as agent for service of process, and most of the communications with plaintiff regarding benefits were on the employer's stationery); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997)

(declining to hold that an employer was an improper party to an ERISA benefits action where the plan documents referred to the corporation and the plan interchangeably and the corporation designated itself as the plan's agent for service of process).

Additionally, in the absence of a clear plan entity, suits against other entities also may be proper in limited circumstances. *See Madaffari v. Metrocall Cos. Group*, 2004 U.S. Dist. LEXIS 12739, No. 02 C 4201, 2004 WL 1557966, *4-5 (N.D. Ill. July 6, 2004) (allowing plaintiff to sue the insurance company that determined the claims because the plan had no assets and there was ambiguity in determining the identity of the plan entity); *Penrose v. Hartford Life & Accident Ins. Co.*, 2003 U.S. Dist. LEXIS 13497, No. 02 C 2541, 2003 WL 21801214, *2-3 (N.D. Ill. Aug. 4, 2003) (allowing plaintiff to sue insurance company when the identity of the plan entity was unknown to the parties, even after some discovery); *Rivera v. Network Health Plan of Wisconsin*, 320 F. Supp. 2d 795, 798-800 (E.D. Wis. 2004) (denying insurance company's summary judgment motion because it was not clear whether the insurance company was the plan administrator or whether any other party was necessary for complete relief to be accorded).

Unum argues that under Seventh Circuit law, the plan, as an entity, is the proper party to a suit for benefits under § 502(a)(1)(B). Therefore, according to Unum, the Court should dismiss Stein's ERISA claim alleged in Count I. We agree. Stein fails to allege facts sufficient to fall under the narrow exceptions to the well-established general rule that the plan is the only proper party to a § 502(a)(1)(B) claim for benefits. Indeed, Stein fails to allege that the plan is closely intertwined with Unum (as in *Mein* and *Riordan*) or that the plan is incapable of providing full relief (as in *Madaffari* and *Rivera*). Stein also fails to allege that a plan entity does not exist (as in *Penrose*, *Madaffari* and *Rivera*). Moreover,

unlike in *Penrose* and *Madaffari*, there has been no showing that Stein has made a good faith effort to identify the plan entity or determine whether the plan can provide complete relief. *Moffat v. Unicare Health Ins. Co.*, 352 F. Supp. 2d 873, 878 (N.D. Ill. 2005). Finally, Stein fails to allege that Unum qualifies as a "plan administrator." *Id.*

In response to Unum's motion to dismiss, Stein argues that the plan and the plan administrator are unknown. However, Stein fails to allege the same in his complaint. Therefore, the Court will not consider Stein's argument in this regard. *See Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (stating that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss" and questioning the district court's reliance on the plaintiffs' briefs to embellish the conclusory allegations of the complaint).

We note that Stein's complaint does allege that Unum was the administrator of Stein's long-term disability policy and that Unum had control of the management and distribution of funds to Stein. However, the fact that Unum served as the claims administrator or was active in determining claims does not transform Unum into a proper defendant. *See Blickenstaff*, 378 F.3d at 674 (a claim for benefits under § 502(a)(1)(B) "generally is limited to a suit against the Plan, not an employer. . . or claims evaluator. . ."); *see also, Moffat*, 352 F. Supp. 2d at 879.

Because the complaint fails to allege facts sufficient to fall under the narrow exceptions to the general rule that the plan is the only proper party to an ERISA claim for benefits, Unum's motion to dismiss Stein's § 502(a)(1)(B) claim for benefits alleged in Count I is granted.

    **B.**    **Stein's § 1109(a) Breach of Fiduciary Duty Claim**

While it is not entirely clear under which provision of ERISA Stein brings his breach of fiduciary duty count, Count I purports to allege a violation of 29 U.S.C. § 1109(a) in addition to the § 502(a)(1)(B) claim for benefits.  Section 1109(a) provides that,

> [a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

ERISA § 1132(a)(2) authorizes a suit "by a participant, beneficiary or fiduciary for appropriate relief under section 1109."  29 U.S.C. § 1132(a)(2).  However, "the Supreme Court has made clear . . . that recovery under § 1109 inures to the benefit of a plan as a whole, not to individual participants."  *Lumenite Control Technology, Inc. v. Jarvis*, 252 F. Supp. 2d 700, 711 (N.D. Ill. 2003) (citing *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)).  Thus, a participant can bring an action for relief under § 1109 (through § 1132(a)(2)) only "in a representative capacity on behalf of the plan as a whole."  *Id.*  Here, Stein's breach of fiduciary duty count is not premised on harm to the entire disability insurance plan.  Instead, it is based on Stein's allegation that Unum breached its

fiduciary duties when it denied him benefits based on his cash flow earnings. Moreover, in an action under § 1132(a)(2), Stein must show that Unum breached a fiduciary duty distinct from an action to recover benefits under § 502(a)(1)(B). *Moffat v. UniCare Midwest Plan Group 314541*, 2005 U.S. Dist. LEXIS 14849, *6 (N.D. Ill. 2005). Stein's complaint fails to make such a showing. Consequently, Stein has failed to allege a claim for breach of fiduciary duty under ERISA sufficient to survive dismissal. *See Heroux v. Humana Ins. Co.*, 2005 U.S. Dist. LEXIS 11712, *13 (N.D. Ill. 2005) (finding that because the plaintiff sought individual relief rather than plan-wide relief, she could not maintain an action under § 1132(a)(2) or § 1109). Accordingly, Unum's motion to dismiss Stein's § 1109(a) breach of fiduciary duty claim alleged in Count I is granted.

**Conclusion**

For the reasons set forth above, Unum's motion to dismiss is granted and Foreman and Prosource's motion to dismiss is granted. Counts II-VIII are dismissed with prejudice because these claims are preempted by ERISA § 502(a) and § 514(a). Count I is dismissed without prejudice. Stein is given leave to file an amended complaint by October 14, 2005. It is so ordered.

ENTER:

_/s/ Michael T. Mason_

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated:    September 22, 2005**